94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher Lee COBB, Petitioner-Appellant,
v.
Otis THURMAN, Warden, California Department of Corrections,
Respondent-Appellee.
 No. 95-56686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1996.
Decided Aug. 20, 1996.
 
 Before: D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Christopher Lee Cobb ("Cobb") appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for robbery, assault with a firearm, and false imprisonment. Cobb claims the district court erred in denying him a continuance and refusing to grant him a new trial for Batson violations. Batson v. Kentucky, 476 U.S. 79 (1986).[1] We affirm pursuant to our 28 U.S.C. § 2253 jurisdiction.
 
 
 3
 * A district court's decision to grant or deny a motion for a continuance is reviewed for an abuse of discretion. United States v. Fowlie, 24 F.3d 1059, 1069 (9th Cir.1994), cert. denied, 115 S.Ct. 742 (1995).
 
 
 4
 On appeal, Cobb appears only to challenge the denial of the second request for a continuance, filed April 22, 1992, for the purpose of filing a Cal. Penal Code section 995 motion. Because "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process," we look at "the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Ungar v. Sarafite, 376 U.S. 575, 589 (1964).
 
 
 5
 Cobb's counsel had already been granted a three-week continuance; the prosecutor evidently opposed another continuance; and the motion she wanted to file was untimely. While the trial court does not appear to have discussed the reasons set out in counsel's affidavit, it did address many of the other reasons she made in requesting further continuances. Most importantly, Cobb's counsel did not even attempt to show that the nature and quality of Cobb's defense would suffer were the motion denied, nor has any showing since been made that the defense did suffer. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1051 (9th Cir.1990) (before this court will reverse a trial court's denial of a continuance, "the appellant must establish that the refusal resulted in prejudice to his defense"). Cobb has never complained that his representation was constitutionally inadequate. On appeal, Cobb states only that he suffered prejudice because his motion "had merit," and because he was convicted of the assault offenses which the motion sought to have dismissed.
 
 
 6
 On the basis of the deference due the trial court, the circumstances at issue here, and the failure to prove prejudice, we affirm the district court's denial of habeas on the basis of the trial court's failure to grant the continuance. Ungar, 376 U.S. at 591; Fowlie, 24 F.3d at 1069.
 
 II
 
 7
 Dismissal of a Batson challenge is reviewed de novo. Burks v. Borg, 27 F.3d 1424, 1426 (9th Cir.1994), cert. denied, 115 S.Ct. 762 (1995) and 115 S.Ct. 1122 (1995). "In habeas proceedings in federal courts, the factual findings of state courts are presumed to be correct, and may be set aside, absent procedural error, only if they are not 'fairly supported by the record.' " Purkett v. Elem, 115 S.Ct. 1769, 1771 (1995) (quoting 28 U.S.C. § 2254(d)). "[T]he ultimate determination of whether the prosecutor acted with discriminatory intent [ ] is a question of fact 'which turns primarily on an assessment of credibility,' " and which is subject to a presumption of correctness. Jones v. Gomez, 66 F.3d 199, 201 (9th Cir.1995) (quoting Purkett, 115 S.Ct. at 1772), cert. denied, 116 S.Ct. 1437 (1996).
 
 
 8
 In Purkett, the Court summarized its Batson jurisprudence in the following test:
 
 
 9
 [O]nce the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination.
 
 
 10
 Id. at 1770-71.
 
 
 11
 While the state trial court denied the challenge on the basis of its finding that Cobb had failed to make out a prima facie case, the inquiry did not end at step 1. As the magistrate noted in his final report, "the record is clear that the prosecutor treated the court's inquiry as one requiring him to state race-neutral reasons for his challenge, and the prosecutor clearly did so." The prosecutor's reasons need not be "persuasive or even plausible" or even "make [ ] sense"; they must simply be facially nondiscriminatory. Purkett, 115 S.Ct. at 1771. "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral." Id.
 
 
 12
 Cobb's argument that "the prosecutor never met his burden of proving his race-neutral reasons" under the comparative analysis test mischaracterizes the burden of proof analysis in Purkett. Purkett is clear that the prosecutor has a burden of production to proffer a race-neutral reason where defendant makes a prima facie showing of discrimination, but he has no burden of proof--this rests with the defendant (or opponent of the strike) throughout. Id.
 
 
 13
 "It is not until the third step that the persuasiveness of the justification becomes relevant--the step in which the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination." Id. The magistrate found that while Cobb put forth enough to satisfy step 1, this showing alone was "utterly insufficient to carry the burden required in step 3."
 
 
 14
 Given the framework laid out in Purkett, we agree with the magistrate's conclusion. The trial court evidently found that the prosecutor's reasons were race-neutral and that Cobb had not carried his burden of proving purposeful discrimination. Purkett requires us to defer to the trial court and apply a presumption of correctness absent procedural error. Id. at 1771. Under the circumstances presented here, the district court was not required to conduct a comparative analysis under United States v. Chinchilla, 874 F.2d 695 (9th Cir.1989). We hold that the district court did not abuse its discretion in denying the writ, and we affirm.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The corresponding state law case is People v. Wheeler, 583 P.2d 748 (Cal.1978)